| | | |
|---|---|---|
| RETURN DATE: JULY 22, 2025 | : | SUPERIOR COURT |
| WANDA WINSBORROW | : | J. D. OF NEW LONDON |
| Plaintiff, | : | AT NEW LONDON |
| VS. | : | |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTION | : | |
| | : | JUNE 6, 2025 |
| Defendant. | : | |

## COMPLAINT

**COUNT ONE: Sex Discrimination – State Law Claims**

1. At all times mentioned herein, **Plaintiff, Wanda Winsborrow**, was and is a resident of the town of Gales Ferry, county of New London, and state of Connecticut.
2. At all times mentioned herein, **Defendant, State of Connecticut Department of Correction**, was and is an agency of the state of Connecticut with headquarters located at 24 Wolcott Hill Road in Wethersfield, Connecticut, and it operated and staffed the facilities of the York Correctional Institution located at 201 West Main Street in Niantic, Connecticut. The defendant employs over 15 employees.
3. Plaintiff is a Black female.
4. On or about June 12, 2015, Plaintiff was hired by Defendant with the job title of Corrections Officer, and in 2022, her job title was changed to Correctional Counselor.

5. Plaintiff maintained good working relationships with her co-workers and management and performed her job duties in a capable manner to at least a satisfactory level.
6. On or about November 20, 2023, Plaintiff commenced training for "classification" within the Correctional Counselor department. Plaintiff was being trained by Counselor Supervisors Bond and Olson, both of whom are white males.
7. On or about November 21, 2023, Plaintiff reported to work to continue the classification training, at which time Supervisor Olson instructed her to report to his office.
8. During this meeting, Supervisor Olson stated that he had concerns with the shirt Plaintiff was wearing. Plaintiff was wearing a navy blue DOC polo shirt that Plaintiff had previously worn as an officer.
9. In and around October of 2023, Plaintiff was told by Deputy Warden Iozzia, who is a white female, that Plaintiff could not wear this shirt any longer because of the printed word "officer" on the printed shield. Plaintiff immediately addressed this issue by taking the shirt to a seamstress to remove the word "officer." Plaintiff was informed by her union representative that the shirt was compliant and that she could wear it to work in her current position. All of this was explained to Supervisor Olson. Also, this was the same shirt Plaintiff had worn the previous day without issue.
10. Plaintiff was then instructed to return to her office until needed again as Supervisor Olson stated he had to look into this issue.

11. Supervisor Olson then called her back to his office and informed Plaintiff that before he could train her, she must remove her shirt.

12. Plaintiff told Supervisor Olson that she had no other clothing available, with only a bra and a spaghetti string tank top on under the shirt. Supervisor Olson then stated, "OK, but you will need to remove the shirt."

13. Plaintiff proceeded back to her office and removed her shirt. Within her office, there were two other employees who could openly observe her current state of undress. Plaintiff was then left in the exposed state of undress for the remainder of her six-hour shift. This forced state of undress also left her non-compliant with the work dress code.

14. Supervisor Olson commenced working with Plaintiff at her desk, which entailed him leaning and reaching over Plaintiff in her now exposed state. Additionally, during her shift, many staff and supervisors walked by some stopping to do double-takes.

15. Plaintiff requested that Supervisor Olson sit beside her instead of standing over her as he could plainly see her breasts in her bra from that position. He replied: "No," that he would rather stand.

16. Since the incident, Plaintiff have been harassed by other co-workers who remarked about her state of undress. On or about April 1, 2024, Plaintiff was questioned by an employee about having taken off her shirt at work.

17. Conversely, male employees have continued to wear "officer" issued clothing when no longer officers, but they have not been made to remove their clothing nor has

anything ever been said to them about their continued wearing of such clothing. In contrast Plaintiff was compelled to remove an item of personal clothing, work a shift in a state of undress, and endure embarrassment and humiliation which is ongoing. Furthermore, upon information and belief, this would not have happened if Plaintiff was Caucasian and/or male.

18. Defendant discriminated against Plaintiff and created a hostile work environment because of her sex in violation of the Connecticut General Statutes § 46a-60(b)(1).

19. Plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints, and she has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about May 8, 2025.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT TWO: Sex Discrimination – Federal Law Claims**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant discriminated against Plaintiff and created a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991.

19. Plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints, and she has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about May 8, 2025.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT THREE: Race/Color Discrimination – State Law Claims**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant discriminated against Plaintiff and created a hostile work environment because of her race and color in violation of the Connecticut General Statutes § 46a-60(b)(1).

19. Plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints, and she has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about May 8, 2025.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT FOUR: Race/Color Discrimination – Federal Law Claims**

1-17. Paragraphs 1-12 of Count One are incorporated by reference as is fully restated herein.

18. Defendant discriminated against Plaintiff and created a hostile work environment because of her race and color in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991.

19. Plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints, and she has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about October 25, 2024 and from the EEOC on or about December 5, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

WHEREFORE, the Plaintiff claims:

1. Money damages, including back pay and front pay;
2. Attorney's fees and costs;
3. Such other remedies as available under law and/or equity and as the Court deems appropriate;
4. A trial by jury.

THE PLAINTIFF, WANDA WINSBORROW

BY: /s/John C. Gerboth
John C Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

| | | |
|---|---|---|
| RETURN DATE: JULY 22, 2025 | : | SUPERIOR COURT |
| | : | |
| WANDA WINSBORROW | : | J. D. OF NEW LONDON |
| | : | |
| Plaintiff, | : | AT NEW LONDON |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTION | : | |
| | : | JUNE 6, 2025 |
| Defendant. | : | |

**STATEMENT OF AMOUNT OF DEMAND**

The amount of demand for the above matter is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

THE PLAINTIFF, WANDA WINSBORROW

BY: /s/John C. Gerboth
John C Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515